**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HOA DINH NGUYEN

            Petitioner,

vs.                              Case No.   3:07-cv-207-J-32HTS
                                                      3:04-cr-093-J-32HTS

UNITED STATES OF AMERICA,

            Respondent.

**ORDER**[1]

This case is before the Court on Petitioner Hoa Dinh Nguyen's (Nguyen) pro se Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1), and Nguyen's Motion for Equitable Tolling. (Doc. 2.) Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

On February 17, 2005, Nguyen pled guilty to the lesser included offense of Count One of the Indictment, which charged conspiracy to distribute 3,4-methylenedioxymethamphetamine, commonly known as "MDMA" and ecstasy, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

(Crim. Docs. 1, 565, 567 & 575).[2]  Nguyen's guilty plea was entered pursuant to a written plea agreement he signed on February 2, 2005.  (Crim. Doc. 573).  On September 12, 2005, the undersigned sentenced Nguyen to 46 months' imprisonment.  (Crim. Doc. 742).  On September 16, 2005, judgment upon Ngyuen's criminal conviction was entered.  (Crim. Doc. 746).  No direct appeal was filed.  On March 22, 2007, Ngyuen filed the instant § 2255 petition.  (Doc. 1).

Nguyen contends in his § 2255 petition that: (1) his sentence was invalid because all necessary facts were not taken into consideration and (2) his counsel was ineffective for failing to independently investigate mitigating evidence before the plea agreement was reached as well as failing to present Nguyen's substantial assistance to the government at sentencing.  However, the Court need not address these arguments, or request a response from the Government, because Nguyen's motion is time-barred.

28 U.S.C. § 2255 provides, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[2] Citations to Nguyen's criminal case file, 3:04-cr-093-J-32HTS, are denoted as "Crim. Doc. ___."  Citations to Nguyen's civil § 2255 case file, 3:07-cv-207-J-32HTS, are denoted as "Doc. ___."

>>United States is removed, if the movant was prevented from making a motion by such governmental action;

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the applicable time from which the statute of limitations began to run is the date upon which the judgment of conviction became final. That date is when the opportunity for direct appeal of the judgment of conviction has expired. See Adkins v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000); accord Ramirez v. United States, 146 Fed.Appx. 325, 326 (11th Cir. 2005) (unpublished opinion). Nguyen never filed an appeal; thus, his judgment of conviction (entered on September 16, 2005) became final once the time to file his notice of appeal expired on September 30, 2005 (i.e., 10 days after the entry of the judgment of conviction). See Fed. R.App. P. 4(b)(1)(A)(i), (6). Therefore, absent equitable tolling of the limitation period, Nguyen's § 2255 motion must be denied.

Equitable tolling is an "extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). However, equitable tolling may be appropriate when "a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."

Sandvick v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Nguyen argues that the statute of limitations should be equitably tolled, essentially giving two reasons: (1) he was in transit for five months after his arrest and (2) upon arriving at his current address, FCI Elkton, Petitioner alleges that he unsuccessfully asked his sentencing attorney to promptly file a motion for post-conviction relief.  (Doc. 2 at 1-2.)  His attorney never responded, and delayed sending his documentation from the plea agreement until the limitation period had already run.  (Doc. 2, Ex. 2.)  However, the Eleventh Circuit has held that attorney negligence, inability to access a prison library, and ignorance as to the limitations period are insufficient to establish exigent circumstances warranting equitable tolling.  See Sandvik, 177 F.3d 1269; Steed, 219 F.3d at 1298.  In Dodd v. United States, the Eleventh Circuit held that the fact that the plaintiff had been transferred to another prison and did not have access to his papers was not an exigent circumstance sufficient to justify equitable tolling of the limitations period.  365 F.3d 1273, 1283 (11th Cir. 2004).

Nguyen has not shown the necessary facts to warrant equitable tolling.  His petition was filed eighteen months after his conviction became final.  (Doc. 1; Crim. Doc. 746).  Nguyen claims that he was in transit for five months and unable to secure either representation or his legal papers from his former attorney in a timely fashion. However, these are not extraordinary circumstances that would allow the Court to equitably toll the limitation period.  See Dodd, 365 F.3d at 1283 (noting that petitioner

presented no evidence to show he made efforts to file a petition or secure his legal papers during a temporary transfer period); see also Jackson v. Ault, 452 F.3d 734, 736-737 (8th Cir. 2006) ("We do not consider an attempt to obtain counsel to be the type of extraordinary circumstance that would act to toll the AEDPA statute of limitations"). Nguyen's case provides neither the extraordinary circumstances nor the due diligence necessary to toll § 2255's one-year statute of limitations. Therefore, this Court will deny Nguyen's request for equitable tolling.

Accordingly, it is hereby **ORDERED**:

1. Hoa Dinh Nguyen's Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment in favor of the United States and against Hoa Dinh Nguyen, and close the file.

2. Nguyen's Motion for Equitable Tolling (Doc. 2) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of October, 2007.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

jcd.
Copies:
counsel of record pro se party